NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

MAY 23 2019

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 18-50320 |
| Plaintiff-Appellee, | D.C. No. 3:18-mj-03285-WVG-BAS-1 |
| v. | |
| SEBASTIAN COLULA-MORALES, | MEMORANDUM* |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the Southern District of California
Cynthia A. Bashant, District Judge, Presiding

Submitted May 21, 2019**

Before: THOMAS, Chief Judge, FRIEDLAND and BENNETT, Circuit Judges.

Sebastian Colula-Morales appeals from the district court's order affirming the 50-day sentence imposed by the magistrate judge following Colula-Morales's guilty-plea conviction for illegal entry, in violation of 8 U.S.C. § 1325. Colula-Morales contends that he is entitled to remand because the government breached

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

its obligation to recommend a time-served sentence. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

We first reject the government's argument that Colula-Morales's appeal is moot. The government has not met its "burden of establishing that there is no effective relief that the court can provide," *Forest Guardians v. Johanns*, 450 F.3d 455, 461 (9th Cir. 2006), because, although Colula-Morales has fully served his sentence, he could withdraw his guilty plea in the event he succeeded on appeal. *See Buckley v. Terhune*, 441 F.3d 688, 699 (9th Cir. 2006) (en banc).

Turning to the merits, we review Colula-Morales's claim for plain error, *see United States v. Whitney*, 673 F.3d 965, 970 (9th Cir. 2012), and conclude that there is none. The record indicates that the government affirmatively made the required time-served sentencing recommendation to the magistrate judge. The government's subsequent failure to reiterate that recommendation was not tantamount to "winking at the district court to impliedly request a different outcome." *United States v. Heredia*, 768 F.3d 1220, 1231 (9th Cir. 2014) (internal quotation marks omitted); *see also United States v. Maldonado*, 215 F.3d 1046, 1051-52 (9th Cir. 2000) ("When the government agrees to recommend a sentence pursuant to a plea bargain, it need not explain its reasons nor make the recommendation enthusiastically").

**AFFIRMED.**